**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **KENNY DALE JENKINS, ID # 1458923,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:11-CV-3002-D (BH) |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I. BACKGROUND**

On October 28, 2011, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for nine counts of aggravated sexual assault of a child in cause number 31259 in Navarro County, Texas. Respondent is Rick Thaler, Director of TDCJ-CID.

**A.      Factual and Procedural History**

On April 25, 2007, the State indicted petitioner for nine counts of aggravated sexual assault of a child younger than 14 years of age on or about January 24, 2005, February 14, 2005, February 28, 2005, March 31, 2005, June 30, 2005, August 21, 2005, August 31, 2005, October 31, 2005, and November 15, 2005. (Clerk's Record ("C.R."):8-10). He pleaded not guilty and was tried before a jury on September 4-7, 2007. (C.R.:2-3). On September 6, 2007, the jury convicted petitioner of all nine counts of aggravated sexual assault, as charged. (C.R. 3). After a punishment hearing, it sentenced him to life imprisonment on each of the nine counts. (R. 5:16). The trial court then ordered that the sentences be served consecutively. (R. 5:16-17).

On direct appeal, petitioner argued that: 1) the evidence was legally and factually insufficient to prove venue in Navarro County on each offense; 2) the evidence was legally and factually insufficient to prove that he was the perpetrator of several of the counts; 3) the trial court erred in failing to grant the defense's motion to quash the indictment because it improperly joined different offense not arising out of the same criminal episode; and 4) trial counsel was ineffective for failing to object to the nine cumulative life sentences as cruel and usual punishment. Petitioner's convictions and sentences were affirmed on direct appeal, and his petition for discretionary review was refused. *Jenkins v. State*, No. 10-07-0307-CR, 2009 WL 3319834 (Tex. App.–Waco, Oct. 14, 2009, pet. ref'd).

The state appellate court recounted the evidence presented at trial with regard to each count alleged in the indictment as follows:

> The victim in this case is M., Jenkins's biological daughter, who was first introduced to Jenkins when she was ten years old. She testified that soon after meeting him, he began to touch her inappropriately and then had her engage in frequent sex acts with him, including oral sex and simulated, if not actual, intercourse. Count 1 alleged that, on or about January 24, 2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration of the mouth of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ. M., who was fifteen at the time of trial, testified about an incident that occurred near Purdon, at the home of "Eric," a man whom Jenkins occasionally worked for, and Jenkins had her perform oral sex on him there while watching a pornographic movie. The trial court took judicial notice that Purdon was in Navarro County.
>
> \* \* \*
>
> Count 2 alleged that, on or about February 14, 2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration of the mouth of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ. Count 3 alleged that, on or about February 25, 2005, in Navarro County, Jenkins intentionally or

2

knowingly caused the penetration of the female sexual organ of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ.

\* \* \*

M.'s testimony established that the two offenses charged in Counts 2 and 3 occurred on February 14: oral sex and an occasion that same day where Jenkins undressed M. and got on top of her. She said that it occurred in an "efficiency" by the hospital where Jenkins lived. Her entire testimony reflects that all of the offenses occurred either in Jenkins's vehicle, in Purdon where Eric lived, or in one of the various places where Jenkins lived: the efficiency, in the Paragon hotel, at his ex-wife's house, or at his mother's house in Mesquite, which is in Dallas County. Obviously excepting for when Jenkins lived with his mother in Dallas Country, M. said that, while Jenkins "moved all the time," "his house" "[w]ould have been in Corsicana." His ex-wife's house was in Corsicana.

\* \* \*

Count 4 alleged that, on or about March 31, 2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration of the mouth of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ. M. said that she had oral sex with Jenkins in Navarro County in 2005, and she said with certainty that "one or more of those events" occurred in March of 2005.

\* \* \*

Count 5 alleged that, on or about June 30, 2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration of the mouth of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ. M. testified that she went to church camp in June of 2005, and when she returned, she was with Jenkins at "his house" and oral sex occurred.

\* \* \*

Count 6 alleged that, on or about August 21, 2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration of the mouth of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ. M. testified that in August, Jenkins picked her up at her mother's house in Corsicana and drove her to his mother's

house in Mesquite, and on the way oral sex occurred. She was unable to say where they were geographically when the offense occurred.

\* \* \*

Count 7 alleged that, on or about August 31, 2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration of the female sexual organ of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ...[M.] testified that in 2005, oral sex occurred around thirty times. She also said that the act of Jenkins getting on top of her occurred about fifty times, and that some of those acts occurred at the house of his ex-wife's "Mickey" in Corsicana.

\* \* \*

Count 8 alleged that, on or about October 31, 2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration of the mouth of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ. M. testified that a specific incident occurred on Halloween in 2004, not 2005. She also testified generally that one or more oral sex acts occurred in Corsicana in October of 2005.

\* \* \*

Count 9 alleged that, on or about November 15, 2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration of the mouth of M., a child younger than 14 and not Jenkins's spouse, by his sexual organ. M. testified that Jenkins picked her up and took her to his mother's house in Mesquite for Thanksgiving of 2005 and that an act of oral sex occurred there.

*Jenkins*, slip op. at 2-5.

On February 16, 2011, and May 4, 2011, petitioner's first two state writ applications were dismissed by the Texas Court of Criminal Appeals for noncompliance with procedural rules. *See Ex parte Jenkins*, WR-75,374-01 (Tex. Crim. App. Feb. 16, 2011); *Ex parte Jenkins*, WR-75,374-02 (Tex. Crim. App. May 4, 2011). Petitioner filed a third state writ on August 11, 2011, in which he

4

raised the same claims he raised in his federal petition. (State Habeas Transcript "S.H.Tr.":10-99). On October 19, 2011, the Texas Court of Criminal Appeals denied his state application on the merits without a written order. (*Id*. at cover).

**B.   Substantive Claims**

On October 28, 2011, petitioner filed his federal habeas petition ("Pet.") raising the following grounds for relief:

(1)  there is no evidence to support his conviction for the offenses because the State failed to prove that the offenses occurred in Navarro County and because the complainant did not testify regarding specific dates when the offenses occurred (grounds one and two);

(2)  double jeopardy was violated because petitioner was prosecuted for the same offenses and punished for the same offenses more than once (ground three);

(3)  his trial attorney rendered ineffective assistance of counsel in several ways (ground four); and

(4) appellate counsel was ineffective by failing to properly argue grounds on appeal. (ground five).

(Pet. at 6-7).  Respondent filed a response on March 2, 2012, and provided the state court records. On April 17, 2012, respondent also submitted to the Court, and mailed to petitioner, an affidavit it had recently received from the complainant in this case. (doc. 11).  Petitioner did not file a reply brief.

**II.  AEDPA STANDARD**

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

5

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writs constitute an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). The AEDPA standards set out in 28 U.S.C. § 2254(d) therefore apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established

6

federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. SUFFICIENCY OF THE EVIDENCE

In his first ground for relief, petitioner asserts that there is "no evidence" to support his conviction because the State failed to prove that venue was proper in Navarro County since the complainant did not specifically testify where each offense occurred. In his second ground for relief, petitioner asserts that there is "no evidence" to support his conviction because the complainant could not testify regarding the specific dates that the offenses occurred.

A claim that "no evidence" supports a conviction is the same as a challenge to the legal sufficiency of the evidence. *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002) (noting that a claim of "no evidence" is the same as a claim of insufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004); *United States v. Jackson*, 86 Fed. App'x 722, 722 (5th Cir. 2004) (per curiam) (applying insufficiency-of-the-evidence analysis to claim of "no evidence"). Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence, and the standard for reviewing such claims is supplied by *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson v. Virginia,* the United States Supreme Court held that the correct standard of review when

7

a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* A federal habeas court is required to give substantial deference to the state court's decision regarding the sufficiency of the evidence. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993).

Under Texas state law, the burden of proof is on the State to establish venue by a preponderance of the evidence, rather than beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 13.17 (West. 2005). This is because venue is not an element of the offense. *See Williams v. State*, 356 S.W.3d 508, 518 (Tex. App.–Texarkana, 2011, pet. ref'd ), *citing Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). With regard to venue, there is sufficient evidence to support the finding that venue was proper in a particular county if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found in the prosecution's favor on the issue of venue. *Clark v. Quarterman*, 2009 WL 565056, *7 (S.D. Tex. March 5, 2009), *citing Jackson v. Virginia*, 443 U.S. at 319.

Under Texas law, a sexual assault may be prosecuted in the county in which the assault was committed, in the county in which the victim was assaulted, or in any county through or into which the victim was transported in the course of an abduction and sexual assault. TEX. CODE. CRIM. PROC. ANN. art. 13.15 (West 2005). Furthermore, under Texas law, the State is not bound by the date that an offense is alleged to have occurred in an indictment so long as the State proves that the offense occurred within the period covered by the statute of limitations. *See Garcia v. State*, 981

8

S.W.2d 683, 685 (Tex. Crim. App. 1998).

On direct appeal, the state appellate court held that the evidence was legally sufficient to support petitioner's conviction on the nine offenses. With regard to Counts 1-5 and 8, the complainant specifically testified that petitioner sexually assault her in Navarro County in the months alleged in those counts. As for Counts 6 and 9, the complainant testified that during the months alleged in those counts, petitioner sexually assaulted her while driving between Navarro County and Dallas County, where his mother lived, and that Navarro was therefore a county through which the victim was transported in the course of the abduction and sexual assault. With respect to Count 7, the evidence was sufficient to support the conviction because the complainant testified that oral sex occurred thirty times in 2005, that simulated sex with petitioner on top of her occurred fifty times in 2005, and that some of these acts occurred at petitioner's ex-wife's house in Corsicana.

As set forth by the state appellate court, the complainant testified about several specific incidents of sexual assault by petitioner that occurred in Navarro County. She also testified about other specific incidents of sexual assault that occurred after petitioner picked her up in Navarro County and drove to another county, and she testified that numerous other incidents of sexual assault occurred in Navarro County. All of these assaults occurred within the statute of limitations at that time of ten years from the eighteenth birthday of the victim. *See* Act of May 24, 1997, 75th Leg., R.S., ch. 740 §§ 1, 4, 1997 Tex. Sess. Law. Serv. 740; *see also Hendrix v. State*, 150 S.W.3d 839, 853 (Tex. App.–Houston [14th Dist.], 2004, pet. ref'd). The sexual assaults also all occurred when she was under fourteen years of age. Viewed in the light most favorable to the prosecution, any rational trier of fact could have found venue was proper in Navarro County and that the essential elements of the nine counts of aggravated sexual assault beyond a reasonable doubt. The evidence

was sufficient to support petitioner's conviction, and therefore the convictions did not violate federal law. The state appellate court's denial of these grounds on direct appeal was not an unreasonable application of the *Jackson* standard. Petitioner's first and second grounds for relief should be denied.[1]

### IV. DOUBLE JEOPARDY

In his third ground for relief, petitioner asserts that his rights under the Double Jeopardy Clause of the Constitution were violated because the State was allowed to prosecute the same offense more than once, since there was no distinct testimony from the complainant supporting the different counts alleged in the indictment.

The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense. *See Monge v. California*, 524 U.S. 721, 727 (1998). It "serves three interests, protecting against: (1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense." *United States v. Berry*, 977 F.2d 915, 918 (5th Cir. 1992). Petitioner has not shown that he was prosecuted after he was acquitted, that he was prosecuted for the same offense, or that he has received multiple punishments for the same offense of aggravated sexual assault. As addressed earlier, and as set forth by the state appellate court in its opinion, the complainant testified regarding distinct sexual assaults by petitioner that occurred throughout 2004 and 2005, and she affirmatively testified that petitioner sexually assaulted her in each of the months in 2005 through both oral and simulated sex. (R. 3:221-

---

[1] With respect to his second ground for relief, petitioner also states briefly that the State's "joinder of offenses" was an invalid legal theory. To the extent that he is attempting to argue, as he did on direct appeal, that the motion to quash should have been granted because the State improperly joined nine offenses together, the state appellate court held that the joinder was proper under state law because all of the same offenses arose out of the same criminal episode since they were the repeated commission of the same or similar offenses. *See Jenkins*, slip op. at *6, *citing* TEX. PEN. CODE ANN. §§ 3.01, 3.02(a) (West 2003). Federal habeas proceedings do not afford review of a state court's interpretation of its own law. *Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998).

10

222). Petitioner was prosecuted and convicted of nine sexual assaults, far fewer sexual assaults than the complainant testified occurred, and he received nine life sentences. He was not punished multiple times for the same offense. The state habeas court's denial of this claim is not contrary to federal law, and petitioner's third ground for relief should be denied.

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner claims in his fourth ground for relief that his trial counsel was ineffective by failing to: (1) object to extraneous evidence offered by the State; (2) object that complainant was not competent to testify; (3) object to statements made by the prosecution at the beginning of voir dire and to a hypothetical made to the panel regarding probation; (4) object to an expert witness's definitions as confusing; (5) object to the reading of the indictment; (6) properly object to hearsay testimony; (7) object to the outcry testimony of a CPS worker; (8) object to relevancy of school records and letters admitted into evidence; (9) object to the judge's jury instruction on good conduct time and its effect on parole eligibility; (10) cross-examine the CPS worker regarding who first contacted CPS; (11) request a direct verdict due to sufficiency of the evidence; (12) assert the "optional completeness" rule on testimony given by the complainant regarding a previous sexual assault by another man; and (13) properly argue against rulings that certain defense witness testimony was not admissible. (Pet. at 7, 11-12).

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective

11

assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Petitioner asserts that trial counsel was ineffective in numerous ways. However, he cites no support for his assertion that counsel was ineffective in these respects, and he makes no argument that he was prejudiced by any failure to object. At the state habeas level, trial counsel submitted an affidavit stating that he made all relevant objections. He also stated that he objected to extraneous evidence, but because of the multiple counts of the indictment and the father/daughter relationship, it was impossible to keep many extraneous offenses out of the record. The affidavit stated that

12

petitioner seems to lack an understanding of the hearsay and optional completeness rule, and that counsel specifically requested the jury charge on good time and parole to hopefully mitigate the number of charges. (S.H.Tr.:107).

No error is discernable in the statements and hypotheticals posed by the prosecutor in voir dire; the definitions of female organ, penetration, sexual assault, and virgin given by the expert witness; the reading of the indictment; or the testimony by a CPS worker. There is no apparent support in the record for petitioner's conclusory allegations that the complainant was not competent to testify, or that the complainant's school records reflecting numerous days that petitioner removed the complainant from school and letters from petitioner to the complainant were not relevant. Conclusory allegations are insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Petitioner has also failed to establish that counsel was ineffective for failing to "properly" object to hearsay testimony, "properly" argue against trial court rulings regarding admissible testimony, cross-examine a CPS worker on a tangential issue, use the optional completeness rule to obtain additional testimony about a prior sexual assault on the complainant, or request a directed verdict because he has not shown that there is a reasonable probability that he would not have been convicted if counsel had done these things.

As to petitioner's complaint about the jury charge on good time and its effect on parole, counsel explained that he requested this charge for strategic reasons. If counsel has made an adequate investigation, any conscious and informed decision made based on trial tactics and strategy cannot be the basis for a claim of having received ineffective assistance of counsel unless the decision was so poorly chosen that it "permeates the entire trial with obvious unfairness." *United States v. Cotton*, 343 F.3d 746, 753(5th Cir. 2003), *quoting United States v. Jones*, 287 F.3d 325,

13

331 (5th Cir. 2002). Petitioner has not shown that the jury instruction on parole permeated his trial with obvious unfairness.

Finally, petitioner makes numerous assertions that counsel was ineffective for failing to object to testimony from the complainant about other extraneous sexual assaults committed by petitioner against her, as well as to testimony about petitioner's stalking behavior after she was removed from his custody. Evidence of extraneous offenses or acts committed by a defendant against a complainant is admissible in a trial where the defendant is accused of the sexual assault of a child under seventeen and where it is relevant to the state of mind of the defendant and the child and the previous and subsequent relationship between the two. *See* TEX. CODE. CRIM. PROC. ANN. Art. 38.37 (West 1995). Counsel was therefore not ineffective for failing to object to this testimony. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that the failure to make meritless objections or motions does not constitute deficient performance).

In addition, the trial record reflects that defense counsel filed pretrial motions (C.R.:13-22, 36-38); objected to the presentation of various testimony and documentary evidence (R. 3:31, 52, 108-09, 147, 210-11, 213, 215, 216, 218, 220, 228-29, 231, 237, 239, 241, 244, 247; R. 4:12, 30); cross-examined witnesses, including the complainant, extensively (R. 3:37-44, 152-64, 182-202, 207-09, 257; R. 4:40-41, 64-67); called several witnesses for the defense (R. 4:69-88, 115-43); and attempted to have additional testimony given for the defense about the complainant's past sexual behavior that was not permitted by the trial court after a hearing outside the presence of the jury. (R. 4:91-111). The record therefore does not support petitioner's contention that his trial counsel was ineffective in numerous respects. The state court's denial of these claims was therefore not contrary

14

to federal law, and petitioner's fourth ground for relief should be denied.[2]

## VI. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his fifth ground for relief, petitioner asserts that appellate counsel was ineffective for failing to "properly" argue grounds on appeal.

The federal constitution guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard in *Strickland*. Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently

---

[2] On April 17, 2012, respondent filed a notice that it had received an affidavit from the complainant in this case and that a copy had been mailed to the petitioner. (*See* doc. 11 and App. A). Petitioner did not respond to the affidavit. The affidavit does not directly address any of the claims petitioner raises in his federal petition, other than to confirm that the complainant's testimony was true and that she was sometimes unable to testify as to where exactly an assault occurred when it happened in petitioner's vehicle. The affidavit also states that petitioner's attorney is related to the complainant's family by marriage because one of his children married into her mother's family at some point, but that she did not know him personally. This statement has no effect on the analysis of petitioner's claim of ineffective assistance.

15

meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

On direct appeal, appellate defense counsel raised several points of error, including the legal and factual sufficiency of the evidence, ineffective assistance of counsel, and trial error in failing to grant the motion to quash the indictment. *Jenkins*, slip op. at *1-6. Petitioner makes no argument how these claims could have been argued more effectively, and he fails to establish that, even had the points of error been argued more effectively, there is a reasonable probability that either his conviction or sentences would have been overturned on appeal. The state court's denial of this ground is therefore not contrary to federal law. Petitioner's fifth ground for relief is without merit and should be denied.

## VII.  EVIDENTIARY HEARING

Based on the relevant filings and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VIII.  RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED on this 1st day of November, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

16

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE